**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02278-WJM-KLM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ASHCROFT HOMES CORP.,
ANITA L. RUSSELL,
TIMOTHY J. RUSSELL,
USAA FEDERAL SAVINGS BANK, and
FIRST HORIZON HOME LOAN CORP.

    Defendants.
_____

**ORDER GRANTING MOTION FOR CLARIFICATION
AND DISCHARGING ORDER TO SHOW CAUSE**
_____

This matter is before the Court on Defendants Timothy J. Russell and Anita L. Russell's ("the Russells") Motion for Clarification (ECF No. 30) of the Court's Order of Judgment Against Defendant Ashcroft Homes Corporation (ECF No. 28), and Plaintiff United States of America's ("United States") Response (ECF No. 39) to this Court's Order to Show Cause (ECF No. 33.)

### I. BACKGROUND

In the United States' First Amended Complaint ("the Complaint"), it brought two claims for relief. (ECF No. 6.) Count I sought to reduce to judgment federal tax liabilities assessed against former Defendant Ashcroft Homes Corporation ("Ashcroft Homes"). (*Id.* at 5-7.) Count II sought to foreclose on the United States' federal tax lien

against a property located at 560 Paisley Drive, Colorado Springs, Colorado, 80906 ("the Subject Property"), because the United States' lien allegedly "attaches to all property and rights to property of Ashcroft Homes, including the Subject Property." (*Id.* at 7-8.)  The other named defendants also allegedly currently have, or previously had, some interest in the Subject Property.

On November 28, 2011, the United States and Ashcroft Homes filed a Stipulation for Judgment, in which Ashcroft Homes stipulated to entry of judgment against it and in favor of the United States on Count I in the amount of $286,093.92.  (ECF No. 27, ¶ 12.)  The Stipulation also provided that Ashcroft Homes "does not oppose the relief sought in Count Two of the [operative complaint], which seeks to foreclose federal tax liens on the Subject Property."  (ECF No. 27, ¶ 14.)  Pursuant to the Stipulation, the Court approved those parties' proposed order, entered judgment against Ashcroft Homes on Count I, and also entered judgment "against Ashcroft Homes and in favor of the United States on Count Two" ("the Order of Judgment") (ECF No. 28.)  Pursuant to the Order of Judgment, Ashcroft Homes was terminated as a defendant in this action.

## II.  MOTION FOR CLARIFICATION

On December 5, 2011, the Russells (who allegedly currently live at the Subject Property) filed their Motion for Clarification, seeking clarification of the Order of Judgment as to Count II, because they dispute whether the United States has a federal tax lien that validly attaches to the Subject Property.  (ECF No. 30).  In the Motion for Clarification, the Russells argue that Ashcroft Homes "has no present interest in the

Subject Property and, according to the recorded chain of title relative to the Subject Property, Ashcroft Homes Corporation has never had a record title interest in the Subject Property." (*Id.* ¶ 5.)  Defendant USAA Savings Bank has filed a Notice of Concurrence with the Motion for Clarification (ECF No. 37), and Defendant First Horizon Home Loan Corp. has joined in the Motion for Clarification (ECF No. 40, ¶ 5.)

In the United States' brief and supplemental brief in opposition to the Motion for Clarification, the United States argues, *inter alia*, that (1) despite the Order of Judgment as to Count I, Ashcroft Homes has not paid the amounts owed on the federal tax liabilities; (2) the Order of Judgment as to Count II only applies to Ashcroft Homes, and not to the other defendants in the action; (3) the United States is not entitled to an order authorizing a foreclosure sale until the Court reaches a final adjudication as to the rights and interests of all parties in this action; and (4) in a separate quiet title action brought by the Russells against the United States, the Tenth Circuit Court of Appeals conclusively determined that the United States' federal tax liens against the Subject Property are valid, *see Russell v. United States*, 551 F.3d 1174 (10th Cir. 2008).  (ECF No. 31, 38.)

The Court appreciates the parties' efforts to more fully inform it of the allegations underlying this action, the parties' positions, and the action's current posture.  It appears that a factual dispute exists between the parties as to whether Ashcroft Homes ever had an interest in the Subject Property that would warrant the imposition of a lien on the Subject Property based on Ashcroft Homes' federal tax liabilities.  The Court does not

find it necessary or appropriate to resolve that issue at this early stage of the proceedings. At a later date in these proceedings (following discovery), the Court will be in a better position to resolve that question, and at that time will consider the potential preclusive effect of the Tenth Circuit's order in *Russell*, 551 F.3d 1174.

However, under the hypothetical scenario that Ashcroft Homes never had any interest in the Subject Property, it is unclear whether the United States' claim on Count II of the Complaint would have any merit. Under the hypothetical scenario that the United States' claim on Count II lacks merit, any judgment in favor of the United States on Count II would be improper. Therefore, at this early stage of the proceedings, the Court determines that the proper and prudent course is to return to the *status quo ante* as to Count II of the Complaint. In a separate written order, the Court will amend its Order of Judgment against Ashcroft Homes so that judgment will only be entered against Ashcroft Homes as to Count I of the Complaint. Ashcroft Homes therefore remains a defendant in this action based on the United States' claim against Ashcroft Homes on Count II of the Complaint. Nothing in this Order precludes the United States from moving, at a later date, to enter judgment against Ashcroft Homes on Count II of the Complaint. The Court presumes that it will be appropriate to adjudicate the rights and interests of ***all*** parties to this action as to Count II of the Complaint at the same time.

### III.  ORDER TO SHOW CAUSE

After receiving the Russell's Motion for Clarification, this Court ordered the United States to show cause (1) why the Court should not issue a preliminary injunction precluding the United States from initiating any attempt to foreclose its federal tax lien against the Subject Property, and (2) why this action should not be dismissed as to the remaining defendants in the action.  In its Response, the United States has shown good cause as to both issues, for the reasons explained *supra*.  Therefore, the Court discharges its Order to Show Cause.

### IV.  CONCLUSION

In accordance with the foregoing, the Court ORDERS as follows:

(1) Defendants Timothy J. Russell and Anita L. Russell's Motion for Clarification of Order of Judgment Against Defendant Ashcroft Homes Corporation (ECF No. 30) is GRANTED;

(2) The Court will amend its Order of Judgment Against Defendant Ashcroft Homes Corporation (ECF No. 28, 29) in a separate written order;

(3) Pursuant to that Amended Order, the Court DIRECTS the Clerk of Court to reinstate Defendant Ashcroft Homes Corporation as a Party-Defendant in this action (by undoing its termination from this action on November 30, 2011); and

(4) The Court's Order to Show Cause (ECF No. 33) is DISCHARGED.

Dated this 20th day of December, 2011.

BY THE COURT:

_____
William J. Martínez
United States District Judge